UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

BENJAMIN P. BONGIOVI,

DEBTOR.

CHAPTER 13

CASE NO. 17-22520-rdd

JUDGE: Robert D. Drain

MOTION DATE: December 13, 2017

MOTION TIME: 10:00 a.m.

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Katherine Heidbrink, an associate of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for PHH Mortgage Corporation ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. Robert D. Drain |
| RETURN DATE & TIME: | December 13, 2017 at 10:00 a.m. |
| COURTHOUSE: | United States Bankruptcy Court<br>300 Quarropas St<br>White Plains, NY 10601 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. § 362(a) generally described as 190 Southern Boulevard, Nesconset, NY 11767, pursuant to 11 U.S.C. § 362(d)(1) based upon the total debt due to Movant, resulting in Movant's lack of adequate protection with regard to the subject property. The proposed order will further seek confirmation that 11 U.S.C. § 1301(a) is inapplicable to Movant's interest in the subject property. |

17-062570

**PLEASE TAKE FURTHER NOTICE**, that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at One Huntington Quadrangle, Suite 3N05, Melville, NY 11747 and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York at United States Bankruptcy Court, 300 Quarropas St, White Plains, NY 10601 no later than seven (7) days prior to the return date of this motion.

Dated: September 1, 2017
       Melville, New York

                                              /s/ Katherine Heidbrink
                                              Katherine Heidbrink
                                              Bankruptcy Attorney
                                              Shapiro, DiCaro & Barak, LLC
                                              Attorneys for PHH Mortgage Corporation
                                              One Huntington Quadrangle, Suite 3N05
                                              Melville, NY  11747
                                              Telephone: (631) 844-9611
                                              Fax: (631) 844-9525

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

TO:    SERVICE LIST

17-062570

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

BENJAMIN P. BONGIOVI,

DEBTOR.

CHAPTER 13

CASE NO. 17-22520-rdd

JUDGE: Robert D. Drain

MOTION DATE: December 13, 2017

MOTION TIME: 10:00 a.m.

## AFFIRMATION IN SUPPORT OF ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Katherine Heidbrink, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am an associate with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for PHH Mortgage Corporation ("Movant"), a secured creditor of Benjamin P. Bongiovi ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) based upon Debtor's post-petition default, resulting in Movant's lack of adequate protection.

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Movant is a secured creditor of the Debtor pursuant to a note executed by Debtor on February 14, 2015, whereby Debtor promised to repay the principal amount of $230,300.00 plus

17-062570

interest to PHH Mortgage Corporation (the "Note"). To secure the repayment of the Note, Debtor granted Mortgage Electronic Registration Systems, Inc., as nominee for PHH Mortgage Corporation a mortgage, which was duly recorded in the Suffolk County Clerk's Office on March 31, 2015 in Book M00022579, Page 653 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 190 Southern Boulevard, Nesconset, NY 11767 (the "Property"). The Loan was assigned to Movant as memorialized by instrument dated February 27, 2017 and duly recorded on March 7, 2017 ("Assignment of Mortgage"). Copies of the Note, Mortgage, and Assignment of Mortgage are annexed hereto as **Exhibit "A."**

5. Upon information and belief, the Debtor herein owns the Property.

6. Debtor filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on or about April 5, 2017.

7. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due post-petition for the May 1, 2017 payment and each subsequent payment thereafter.

8. The amount of delinquency due as of August 8, 2017 under the Mortgage is as follows:

| | |
|---|---:|
| 4 Defaulted Monthly Payments at $2,533.81 each (May 2017 through August 2017) | $10,135.24 |
| POC Fees | $600.00 |
| Total Delinquencies | $10,735.24 |

9. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "B."**

17-062570

10. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make post-petition payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

11. As set forth in the Affidavit, as of August 8, 2017, the approximate debt due and owing to Movant equals $216,360.47. The debt is accruing interest at a rate of 3.53% per annum.

12. Based upon the Debtor's Schedule D, the Property has an estimated fair value of approximately $300,000.00. A copy of Debtor's Schedule D is annexed hereto as **Exhibit "C."** As indicated in paragraph 11 herein above, the total debt to Movant equals $216,360.47.

13. Upon information and belief, pursuant to the Debtor's Schedule D, the Debtor's unnamed current or former spouse has an interest in the Property, which she holds with the Debtor as tenants by the entirety. The spouse appears to be residing at the Property. As a result, when accounting for the Debtor's spouse's share, there is no equity in the Property available to the estate.

14. Notwithstanding the Debtor's spouse's interest in the Property, Movant notes that 11 U.S.C. § 1301(a) is inapplicable in this case because the Debtor's spouse is not obligated on Movant's Loan. As such, Movant respectfully requests an order of this court confirming the inapplicability of 11 U.S.C. § 1301 to the instant motion, in order to prevent irreparable harm.

15. The Debtor, Debtor's Attorney, Debtor's non-filing current or former spouse, the Chapter 13 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

17-062570

16. Upon the entry of the Order Granting Relief, the unpaid portion of claim number 5, filed by Movant, shall be deemed withdrawn.

17. No prior application has been made for the relief requested herein.

18. Movant notes the Debtor's Motion to Sell the Property, filed on August 31, 2017 as ECF Doc. No. 13, and currently set for hearing on September 27, 2017 at 10:00 a.m. (the "Sale Motion"). Movant intends to respond to the Sale Motion in a separate and forthcoming pleading. Without limiting Movant's right to object to the Sale Motion, please note that Movant is amenable to a proposed sale of the Property, provided that it is paid in full. In the meantime, Movant is proceeding with the instant Motion for Relief because not all proposed sales are completed.

19. Debtors executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage, including, but not limited to, foreclosure of the Mortgage secured by the subject Property; and confirming that 11 U.S.C. § 1301(a) is inapplicable as concerning Movant's interest in the Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:  September 1, 2017
        Melville, New York

/s/ Katherine Heidbrink
Katherine Heidbrink
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for PHH Mortgage Corporation
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

17-062570